UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM DJONOVIC,

          Plaintiff,          Civil Action No. 23-12889

v.          Nancy G. Edmunds
          United States District Judge

CITY OF DETROIT, *et al.*,          David R. Grand
          United States Magistrate Judge

          Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT OAKLAND INTERNATIONAL ACADEMY'S MOTION TO DISMISS (ECF No. 8) AND CITY OF DETROIT DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (ECF No. 21)**

On November 14, 2023, *pro se* plaintiff Tom Djonovic ("Djonovic")[1] filed a complaint against the City of Detroit and two of its employees, David Bell and Dilip Patel (collectively, the "City Defendants"), as well as Oakland International Academy ("OIA") and Gayanga Company ("Gayanga"), alleging violations of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.[2] (ECF No. 1). In his complaint, Djonovic indicates that he is suing the named defendants for demolishing a building owned by his

---

[1] Djonovic purports to file this action as the personal representative of the estate of his father, Prela Djonovic. (ECF No. 1, PageID.5).

[2] Djonovic also references 28 U.S.C. §§ 1331, 1343, 1367, and 1391 as bases for this Court's jurisdiction. (ECF No. 1, PageID.4). With the exception of 28 U.S.C. § 1367, which provides for the exercise of supplemental jurisdiction over state law claims under certain circumstances, all of these statutes are dependent upon alleging a violation of the United States Constitution or a federal statute. Here, Djonovic attempts to invoke jurisdiction under all of these statutory provisions by alleging violations of the Fourth and Fourteenth Amendments.

father, located at 8306 Conant in the City of Detroit (the "Conant Property"), during the spring of 2019. (*Id.*, PageID.5, 7). Djonovic alleges that this demolition was done "illegally" by Gayanga, at the request of the City of Detroit. (*Id.*, PageID.5-10). With respect to OIA, Djonovic alleges that it had been "trying to buy the property from [his] father over 10-15 years[,]" and, when Djonovic attempted to sell the Conant Property to OIA in 2021, the City of Detroit "intervened to stop the sale and gave [him] a bill for $52,580 – for illegally knocking down [his] father's building …." (*Id.*, PageID.11-12) (emphasis in original). Djonovic now seeks $2.2 million in damages for the lost value of the building, its contents (primarily consisting of classic car parts), and attorney's fees. (*Id.*, PageID.5).

Now pending before the Court are two dispositive motions: OIA's motion to dismiss (ECF No. 8); and the City Defendants' motion to dismiss and/or for summary judgment (ECF No. 21). Djonovic filed responses to these motions on January 3, 2024, March 1, 2024, and March 21, 2024. (ECF Nos. 20, 24, 28). Only the City Defendants filed a reply brief. (ECF No. 25).

An Order of Reference was entered on November 20, 2023, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 6). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

I.  **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that OIA's and the City

2

Defendants' dispositive motions **(ECF Nos. 8, 21)** be **GRANTED**, and that Djonovic's federal claims against them be **DISMISSED WITH PREJUDICE**. **IT IS FURTHER RECOMMENDED** that Djonovic's federal claims against Gayanga also be **DISMISSED WITH PREJUDICE**. **IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over any state law claims asserted by Djonovic, and that any such claims be **DISMISSED WITHOUT PREJUDICE**.

II.     REPORT

    A.     Background

As set forth above, Djonovic primarily alleges in the instant case that the defendants violated the Fourth and Fourteenth Amendments when they conspired to "illegally" demolish a building owned by his father, located on the Conant Property. (ECF No. 1, PageID.5; ECF No. 20, PageID.63-64). He claims that around and inside his father's building were "over 1 million dollars in parts for classic vehicles," which the defendants allegedly also destroyed. (ECF No. 20, PageID.64-65). According to Djonovic, the demolition of his father's building occurred in the "spring of 2019." (*Id.*, PageID.65; *see also* ECF No. 1, PageID.7 and ECF No. 24, PageID.188).

OIA and the City Defendants now move to dismiss Djonovic's claims pursuant to Fed. R. Civ. P. 12(b)(6), arguing, *inter alia*, that Djonovic's complaint fails to state a claim upon which relief can be granted. For the reasons set forth below, the Court agrees.

    B.     Standard of Review

        1.     *Motion to Dismiss*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal

3

sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] … is not boundless[,]" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead facts sufficient to show a redressable legal wrong has been committed[.]" *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

2. *Motion for Summary Judgment*

Pursuant to Rule 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga Cty. Dep't of Children and Family Servs.,* 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In determining whether an issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex v. Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth

5

specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleading, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed, "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id*. (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* at 560 (citing *Lewis v. Philip Morris, Inc.,* 355 F.3d 515, 533 (6th Cir. 2004)).

**C. Analysis**

*1. Djonovic's Claims Against OIA*

As set forth above, the crux of Djonovic's complaint focuses on the demolition of a building located on the Conant Property by Gayanga, at the request of the City of Detroit.[3] OIA argues that it is entitled to be dismissed from this action because the complaint's only allegation against it is that it is located next door to the Conant Property and had been trying to buy the Conant Property from Djonovic's father for "over 10-15 years." (ECF No. 1,

---

[3] In his complaint, Djonovic also claims that, when OIA finally was ready to purchase the Conant Property, "[the] ***City of Detroit*** intervened to stop the sale . . ." (ECF No. 1, PageID.11-12) (bold/italics added, underlining in original). This allegation, which is directed at the City Defendants, is addressed in greater detail below, *see infra* at 11-13.

PageID.11).⁴  OIA is correct because the complaint contains no allegation of OIA taking an action that could reasonably be construed as violating any constitutional rights of the Conant Property's owner.

Even in response to OIA's motion to dismiss, when Djonovic expands a bit on his allegations against OIA, he claims only that when certain unidentified "people" allegedly expressed interest in purchasing his father's property, OIA told them to "back off" because it wanted to purchase the property itself.  (ECF No. 20, PageID.70).  According to Djonovic, he was set to sell the Conant Property to OIA when "[the] City of Detroit "intervened to stop the sale[.]" (*Id.*, PageID.71) (emphasis in original).  Even if these allegations are true, however, they simply do not give rise to any possible Fourth or Fourteenth Amendment violation *by OIA*.  At most, OIA expressed an interest in purchasing the Conant Property and took steps to do so.  Djonovic alleges that the sale was not consummated due to conduct *by the City of Detroit*, not OIA.  Thus, *OIA's* actions do not amount to an illegal seizure in violation of the Fourth Amendment, or a deprivation of due process in violation of the Fourteenth Amendment, and Djonovic has failed to state a constitutional claim upon which relief can be granted against OIA.  Consequently,

---

⁴ OIA also argues that "the gravamen of Plaintiff's complaint is that his father's property was wrongfully demolished[,]" which it then characterizes as a "clear State law claim …." (ECF No. 8, PageID.39).  While it may be true that the state need not pay "just compensation" in order to demolish a building that has been properly determined to be a nuisance (with proper notice to the owner), *Davet v. City of Cleveland*, 456 F.3d 549, 553 (6th Cir. 2006), OIA's argument goes too far.  Indeed, the Sixth Circuit has explained that if proper notice and hearing are lacking, "[i]t well may be that the sudden demolition of a structure … would constitute an unconstitutional taking." *Embassy Realty Invs., Inc. v. City of Cleveland*, 572 F. App'x 339, 344-45 (6th Cir. 2014).  The Court notes that, here, Djonovic contends that the demolition of the Conant Property occurred "without any notice …." (ECF No. 20, PageID.64).

7

dismissal of Djonovic's federal claims against OIA is appropriate.

Moreover, to the extent Djonovic alleges that OIA somehow interfered with the purchase of the Conant Property by certain unidentified investors, whom it allegedly told "to back off from purchasing" the Conant Property (ECF No. 20, PageID.189), such a claim is more properly pled as a state law claim for tortious interference with business relationships or expectancies.[5] Without expressing any opinion as to the merits of such a claim against OIA, given that the Court is recommending dismissal of Djonovic's federal claims, it should decline to exercise supplemental jurisdiction over any state law claim Djonovic is also attempting to plead. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("a federal court that has dismissed a plaintiff's federal-law claims should ordinarily not reach the plaintiff's state-law claims").

## 2. *Djonovic's Claims Against the City Defendants*

### a. *Constitutional Claims*

In their motion, the City Defendants argue, *inter alia*, that Djonovic's Fourth and Fourteenth Amendment claims against them in the instant lawsuit are subject to dismissal because they are time-barred. (ECF No. 21, PageID.97-98). According to the City Defendants, the Conant Property was a "blighted, dilapidated structure" that was

---

[5] To succeed on a claim of tortious interference with a business relationship or expectancy under Michigan law, a plaintiff must satisfy four elements: (1) the existence of a valid business relationship or expectancy that is not necessarily predicated on a contract; (2) the defendant interferor's knowledge of the relationship or expectancy; (3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy; and (4) resulting damage to the plaintiff. *See Courser v. Allard*, 969 F.3d 604, 620-21 (6th Cir. 2020) (citing *Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 268 Mich. App. 83, 90 (2005)).

"collapsing under its own weight" and, thus, a "dangerous building" under the applicable provisions of the Detroit City Code and the Housing Law of Michigan, MCL 125.523, *et seq*. (*Id.*, PageID.87, 88). Accordingly, the structure was ordered demolished on an emergency basis on August 22, 2018. (*Id.*, PageID.120). A "Notice of Emergency Ordered Demolition" was posted on the structure and mailed to the owners and taxpayers of record, Prela and Lisa Djonovic. (*Id.*). Demolition of the Conant Property was completed in early 2019, which is consistent with Djonovic's claim that demolition occurred "around the spring of 2019." (*Id.*; ECF No. 20, PageID.65; ECF No. 1, PageID.7).

As set forth above, the City Defendants argue that Djonovic's Fourth and Fourteenth Amendment claims are barred by the statute of limitations. In order to determine whether this is the case, the Court must first determine the applicable statute of limitations. The Sixth Circuit has held that "the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citing MCL § 600.5805(10)); *see also Dabish v. McMahon*, 818 F. App'x 423, 427 (6th Cir. 2020).

While "state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). A complete cause of action arises, and thus starts the running of the limitations period for a § 1983 claim, "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Beaver Street Investments, LLC v. Summit Cty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023) (internal quotation marks omitted).

9

In this case, the injury that forms the basis of the action is the demolition of the Conant Property, which began in late 2018 and was completed in early 2019. Indeed, Djonovic has stated in his complaint, as well as in at least two other filings, that the Conant Property was demolished around the spring of 2019. (ECF No. 1, PageID.7; ECF No. 24, PageID.188; ECF No. 20, PageID.65). However, Djonovic did not file his complaint in this matter until November 14, 2023, more than four and a half years after demolition of the Conant Property was completed. And, by Djonovic's own admission, he learned of the demolition *as it was occurring*, back in early 2019. (ECF No. 1, PageID.8-9 ("One of my neighbors in Detroit next to the building called me that morning, asked me what I was doing at the property? I responded nothing right now! He said someone is knocking down your building!! So I went down to the building to see what transpired."); *see also* ECF No. 24, PageID.188 (similar)). Thus, where it is undisputed that Djonovic instituted this § 1983 action well outside the applicable three-year limitations period, his constitutional claims against the City Defendants are time-barred and should be dismissed.[6]

---

[6] Gayanga did not file a motion to dismiss; instead, it filed an answer to Djonovic's complaint. (ECF No. 18). However, "[a] court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir.1993); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008). A court dismissing a plaintiff's claims against moving defendants may *sua sponte* dismiss non-moving defendants as well where "it is clear that the same ruling would inevitably apply to each of the defendants." *Rose v. Arkansas Valley Envtl. & Util. Auth.*, 562 F. Supp. 1180, 1189 n. 11 (W.D. Mo. 1983). Here, the same analysis set forth above applies to Djonovic's claims against Gayanga related to its demolition work; namely, any constitutional claims brought against Gayanga pursuant to § 1983 are barred by the applicable three-year statute of limitations. Accordingly, the Court should *sua sponte* dismiss Djonovic's claims against Gayanga. To the extent Djonovic attempts to assert state law claims against Gayanga, the Court should decline to exercise supplemental jurisdiction over them. *See Moon*, 465 F.3d at 728.

### b. Other Claims

Finally, one other passing reference in Djonovic's complaint bears discussion. Djonovic claims that, when OIA finally was ready to purchase the Conant Property – some time in or after 2021 – "[the] City of Detroit intervened to <u>stop the sale</u> and gave [him] a bill for $52,580 – for illegally knocking down [his] father's building …." (ECF No. 1, PageID.11-12) (emphasis in original). While such allegations do not fall outside § 1983's applicable three-year statute of limitations, any claim arising out of these allegations should be dismissed for two reasons.

First, as with Djonovic's claim that OIA told certain unidentified investors to "back off from purchasing" the Conant Property (ECF No. 20, PageID.189), Djonovic's vague allegation that the City Defendants improperly "intervened" to stop the sale of the Conant Property is more properly pled as a state law tortious interference claim, *see supra* at 8, over which the Court should decline to exercise supplemental jurisdiction.[7]

Second, to the extent Djonovic alleges that the City wrongfully billed him $52,580 for the demolition of the Conant Property, such a claim is barred by principles of *res judicata*. The Full Faith and Credit Clause of the United States Constitution and its implementing statute, 28 U.S.C. § 1738, require federal courts to give preclusive effect to state-court judgments. Because federal courts "must give to a state-court judgment the

---

[7] In his most recent filing, titled "Plaintiffs Reply to Defendants Motion to Dismiss," Djonovic asserts – for the first time – that some or all of the defendants "Conspir[ed] to Commit Fraud[.]" (ECF No. 28, PageID.198). But Djonovic cannot raise a new claim in a response or supplemental brief, and, at any rate, the Court should decline to exercise supplemental jurisdiction over this state law claim as well. *See Moon*, 465 F.3d at 728.

11

same preclusive effect as would be given that judgment under the law of the State in which the judgement was rendered," we look to Michigan law governing *res judicata* to determine its applicability. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).

In Michigan, the doctrine of *res judicata* bars successive actions "if (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Young*, 471 F.3d at 680 (internal quotation marks omitted); *see also Washington v. Sinai Hosp. of Greater Detroit*, 478 Mich. 412, 418 (2007). Michigan courts take a "broad approach to the doctrine of res judicata," and the presence of these three elements "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Washington*, 478 Mich. at 418 (internal quotation marks omitted); *see also Young*, 471 F.3d at 680.

Turning to the first element, the City Defendants have provided evidence that they filed a lawsuit against Djonovic (in his capacity as personal representative of his father's estate) to recover the costs related to the demolition of the Conant Property in Wayne County Circuit Court on October 6, 2023.[8] (ECF No. 21, PageID.102-47). When Djonovic failed to defend or otherwise respond to the lawsuit, a default judgment was entered by the

---

[8] While the City Defendants rely on both motion to dismiss and summary judgment standards, any distinction between them is immaterial here. (ECF No. 21, PageID.90-92). Although courts typically are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). At any rate, Djonovic does not dispute the authenticity of the documents referenced herein.

Clerk of the Court in the amount of $52,598. (*Id.*, PageID.154-56). Because a default judgment is considered a decision on the merits, *see Richards v. Tibaldi*, 272 Mich. App. 522, 531 (2006), the first element of the *res judicata* test is satisfied. With respect to the second element, both this lawsuit and the state court litigation involved the same parties – specifically, the City and Djonovic. And, finally, any claim that the City improperly billed Djonovic for the demolition of the Conant Property could have been raised and resolved in the state court case, had Djonovic appeared in that matter. However, Djonovic failed to appear, which resulted in entry of a default judgment. (ECF No. 21, PageID.154-56). Thus, the third element of *res judicata* is also satisfied. *See Washington*, 478 Mich. at 418; *see also Young*, 471 F.3d at 680.

For all of these reasons, dismissal of any claims purportedly brought by Djonovic in this case relating to events that occurred in or after 2021 should also be dismissed.

### III.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that OIA's and the City Defendants' dispositive motions **(ECF Nos. 8, 21)** be **GRANTED**, and Djonovic's federal claims against these individuals/entities be **DISMISSED WITH PREJUDICE**. **IT IS FURTHER RECOMMENDED** that Djonovic's federal claims against Gayanga also be **DISMISSMED WITH PREJUDICE**. **IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over any state law claims asserted by Djonovic, and that any such claims be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 4, 2024  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
  United States Magistrate Judge

13

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections that raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 4, 2024.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager